UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   Criminal No. 08-372 (JNE/JSM)
                                                          ORDER

ROBERT ALLEN WOIDA,

    Defendant-Petitioner.

This matter is before the Court on Robert Allen Woida's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court denies Woida's motion without an evidentiary hearing.

## I.     BACKGROUND

On May 20, 2009, Woida pled guilty to distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), after sending images of child pornography to an undercover officer posing as a fourteen-year-old girl. A sentencing hearing took place on November 5, 2009. The Court calculated the applicable Guidelines range to be 210-262 months, with the statutory maximum being 240 months. The presentence report ("PSR") recommended a five-level enhancement for distribution of child pornography to a minor. In his sentencing position paper, Woida requested a sentence of no more than 100 months, objected to the five-level enhancement, and challenged the Guidelines as they pertain to child pornography charges. After considering Woida's arguments and assessing the individual circumstances in this case, the Court sentenced Woida to a term of imprisonment of 180 months. Woida directly appealed his sentence to the Eighth Circuit Court of Appeals. On appeal, he again challenged the application of the five-level enhancement, and he also argued that his sentence was unreasonable. The Eighth Circuit affirmed the sentence. *See United States v. Woida*, No. 09-3668, at 4 (8th Cir. Nov. 12, 2010).

Woida filed a petition for a writ of certiorari with the Supreme Court of the United States. The petition was denied on October 3, 2011. On September 26, 2012, Woida filed the current § 2255 motion, which the Court received on October 1, 2012.[1]

## II. DISCUSSION

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws. 28 U.S.C. § 2255 (2006). A prisoner is entitled to an evidentiary hearing under § 2255 "unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

### A. Timeliness of the § 2255 Motion

A motion under § 2255 must be filed within one year from "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1). The Supreme Court denied Woida's petition for a writ of certiorari on October 3, 2011. The Government appears to believe that Woida's § 2255 motion was not filed until October 16, 2012. The motion, however, was signed on September 26, 2012, and was received by the Court on October 1, 2012, within the one-year statute of limitations.[2] Woida's motion is therefore timely.

---

[1] Woida also sought leave to file a reply memorandum and did, in fact, file that memorandum. ECF Nos. 83, 85. The Court has reviewed and considered Woida's reply memorandum in deciding this § 2255 motion.

[2] Woida's memorandum in support of his § 2255 motion was not filed until October 16, 2012, but it did not raise any issues that were not already included in his timely-filed motion.

## B. Consideration of the Sentencing Guidelines

Woida asserts that section 2G2.2 of the United States Sentencing Guidelines are "seriously flawed" and "provide an erroneous measure from which to base a departure." Pet'r's Mem. Supp. 3. As calculated by the Court, Woida's applicable Guidelines range was 210-240 months; he was sentenced to 180 months' imprisonment. Woida argues that the Court "would have possibly departed by a greater amount had it not had a skewed and politically tinkered-with guideline from which to start from." *Id.* at 5.

In his sentencing position paper, Woida argued at length that the Sentencing Guidelines for child pornography cases were irrational and should be afforded less deference. *See* Def.'s Sentencing Position Br. 3-19, ECF No. 55. He argued that the Guidelines "for child pornography offenses were not developed by the Guidelines Commission using an empirical approach," and that the Guidelines range of 210-240 months was "the result of twenty years of irrational guidelines increases" and "should not be followed in this case." *Id.* at 9, 16. At sentencing, the Court considered the argument and discussed in detail the individual circumstances that justified a sentence of 180 months—a sentence below the Guidelines range. Woida did not raise this argument again on direct appeal.

Section 2255 "does not encompass all claimed errors in conviction and sentencing," but rather "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). This is true regardless of whether the petitioner can show cause for the default and resulting prejudice. *Id.* Woida's argument regarding the Court's consideration of the

Sentencing Guidelines is not a constitutional or jurisdictional issue, and it was not raised on direct appeal.

"Beyond [claims of jurisdictional and constitutional errors], the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Sun Bear*, 644 F.3d at 704. The Eighth Circuit has never found a "collateral attack on the sentencing court's interpretation and application of the Guidelines" to be cognizable. *Id.* at 702; *see also Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (explaining that § 2255 does not apply to "Sentencing Guideline application issues"). There is nothing to suggest that there was a "complete miscarriage of justice" in this case. Woida was sentenced to a term of imprisonment below the Guidelines range, and the Court considered numerous factors—including Woida's argument regarding the problems with the Guidelines—when determining the appropriate sentence. On direct appeal, the Eighth Circuit affirmed the sentence, finding that based on the record and this Court's analysis, the sentence was not unreasonable.

For those reasons, Woida's § 2255 motion on the basis of the Court's consideration of the Sentencing Guidelines is denied.

## C. Application of the Five-Level Enhancement

A defendant convicted of distribution of child pornography is subject to a five–level enhancement under § 2G2.2(b)(3)(C) of the Sentencing Guidelines if the distribution was to a minor. U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(C). A "minor" includes "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years." *Id.* cmt. n.1. Woida asserts that that it "is not constitutionally

permissibable [sic] for a sentencing Court to glean a five-point enhancement from a PSR" because it "makes the Court a jury" and is "contrary to the right to a jury trial." Pet'r's Mot. 6, ECF No. 75. Woida argues that he "never conceded . . . that he 'knowingly' distributed an image to a minor, and that this item was ONLY discerned from the PSR at sentencing," so "it is not constitutionally permissible [sic] to enhance Woida's sentence by 5-points." Pet'r's Mem. Supp. 7. He believes that the five-point enhancement by the Court violated his Sixth Amendment right to a jury trial. Pet'r's Reply Mem. 3.

This constitutional claim was not raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Woida does not claim actual innocence, but he asserts that ineffective assistance of counsel constitutes the cause and prejudice to overcome this procedural default. To prove ineffective assistance, Woida must show deficient performance and prejudice from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). Woida pled guilty to distributing child pornography, a violation of 18 U.S.C. § 2252(a)(2), which carries a statutory maximum sentence of 240 months. *See* 18 U.S.C. § 2252(b)(1). Even with the application of the five-level enhancement, Woida was sentenced to only 180 months. Woida was not sentenced above the "maximum authorized by the facts established" by his guilty plea, and so there was no Sixth Amendment violation by

not submitting this factual question to a jury. *See United States v. Lee*, 625 F.3d 1030, 1035 (8th Cir. 2010) ("[S]o long as factual findings do not increase a defendant's sentence beyond the penalty authorized for the offense of conviction, there is no Sixth Amendment right to have a jury determine those facts."). Woida's constitutional claim is therefore without merit, and defense counsel's performance in not raising this claim was not deficient. The claim is procedurally defaulted, but even if it were not, the claim still fails on the merits.

**D. Reasonableness of Woida's Sentence**

Woida's third argument in favor of his § 2255 motion is that "[a] first offender sentence of 15 years for a person who sends an image to a person posing as a minor is unreasonable." Pet'r's Mem. Supp. 7-8. At sentencing, defense counsel argued for a below-guideline sentence, pointing to, among numerous other things, the fact that Woida had no criminal history. On direct appeal, Woida challenged the substantive reasonableness of his sentence. The Eighth Circuit reviewed the entire record and all of the § 3553(a) factors and concluded that "the district court did not commit a clear error of judgment in weighing those factors" and that the sentence "is not substantively unreasonable." *Woida*, No. 09-3668, at 3-4.

"With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear*, 644 F.3d at 702. The reasonableness of Woida's sentence has already been litigation and affirmed, and is not an appropriate subject for review in this § 2255 motion.

**E. Ineffective Assistance of Counsel**

In a § 2255 petition, a prisoner may raise a claim for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To prove ineffective assistance, Woida must show deficient performance and prejudice from that deficiency. *Strickland*, 466 U.S. at 687. To show deficient performance, the defendant must show "that counsel's representation fell

below an objective standard of reasonableness." *Id.* at 688. "There is a strong presumption that counsel's performance fell within the range of reasonable professional assistance." *Pierce v. United States*, 686 F.3d 529, 531 (8th Cir. 2012) (quotation omitted). To prove prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Woida asserts that he received ineffective assistance of counsel with respect to the three issues discussed above. Each will be addressed in turn.

### 1. *Ineffective Assistance with Respect to the Sentencing Guidelines*

Woida claims that his counsel was ineffective for failing to raise the issue regarding the propriety of the Sentencing Guidelines with respect to child pornography offenses. Defense counsel did, in fact, raise this argument before this Court at sentencing. The Court considered counsel's argument and imposed a sentence well below the Guidelines range. There is no evidence to suggest that counsel's performance in this respect was deficient.

Defense counsel did not raise this argument again on direct appeal. It is Woida's burden, however, "to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Woida does not appear to be challenging the weight this Court afforded the Sentencing Guidelines. Rather, he appears to believe that it was erroneous for this Court to even consider the Guidelines at all. But it is well established that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[T]he Guidelines should be the starting point and the initial benchmark." *Id.* It was therefore objectively reasonable strategy for defense counsel to not raise this issue on direct appeal.

7

There is also no evidence to suggest that Woida was prejudiced by his counsel's failure to raise this issue on direct appeal. As discussed above, since a Court is obligated to consider the applicable Guidelines range, it would have been meritless for defense counsel to argue otherwise. A defendant is not prejudiced by "his attorney's failure to make a meritless argument." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011). Further, to show prejudice, Woida must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Becht*, 403 F.3d at 546 (internal quotation marks omitted). On direct appeal, the Eighth Circuit reviewed the entire record, including this Court's "thorough discussion of Woida's history and characteristics," and held that Woida's "below-the-guidelines sentence is not substantively unreasonable." *Woida*, No. 09-3668, at 3-4. There is nothing to suggest that the result would have been any different had Woida's counsel raised this Guidelines argument on appeal.

### 2. *Ineffective Assistance with Respect to the Five-Level Enhancement*

For the reasons already discussed above, defense counsel's failure to raise Woida's Sixth Amendment claim did not constitute deficient performance, and so there is no evidence to support a finding that counsel was ineffective in this respect. To the extent Woida is also attempting to claim that defense counsel was ineffective with respect to some other aspect of the application of the five-level enhancement, the Court finds no evidence to support findings of either deficiency or prejudice. Woida asserts that "[t]he enhancement had been criticized harshly in legal circles and was the subject of several appeals," and so "the issue had merit and could and should have been raised in Woida's proceedings." Pet'r's Mem. Supp. 9-10. Defense counsel did, however, object to the application of the five-level enhancement at sentencing, and again raised the issue on direct appeal. The Eighth Circuit affirmed the Court's application of the five-

level enhancement. There is nothing to suggest that counsel's performance was deficient. Further, Woida has offered nothing to support a finding that he was prejudiced by counsel's alleged deficiency—i.e., that but for the deficient performance, "the result of the proceeding would have been different." *Becht*, 403 F.3d at 546.

### 3. *Ineffective Assistance with Respect to the Reasonableness of the Sentence*

Woida offers no argument or evidence to suggest that defense counsel was ineffective with respect to challenging the reasonableness of Woida's sentence. Defense counsel did, in fact, advocate for a lower sentence in front of this Court at sentencing. *See* Def.'s Sentencing Position Br. 20-22, ECF No. 55. He again raised the issue on direct appeal. Brief of Appellant 17-20, *United States v. Woida*, No. 09-3668 (8th Cir. Nov. 12, 2010). The Eighth Circuit concluded that the 180-month sentence was not substantively unreasonable. *Woida*, No. 09-3668, at 4. There is no indication of deficient performance by defense counsel.

## F. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Id.* Here, Woida has not made any such showing. Therefore, the Court declines to issue a certificate of appealability.

### III. CONCLUSION

The Court determines that no evidentiary hearing is necessary to assess Woida's § 2255 motion because the motion, files and records of the case conclusively show that he is not entitled to relief. Accordingly, based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Woida's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 75] is DENIED.

2. Woida is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2013

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge